HEARD NOVEMBER TERM, 1879.

CASE No. *792.

A. W. HEATH, EXECUTOR, v. AMANDA BELK ET AL.

In the administration of a decedent's estate, debts by specialty created since the act of March 9th, 1874, have no priority over simple contract debts, but both classes are postponed in the order of payment to bonds and debts by specialty of earlier date.

Before THOMSON, J., York, June, 1879.

In the administration of the estate of D. D. A. Belk, deceased, under proceedings in the Court of Probate, the assets were insufficient to pay creditors in full. Among the claims presented were sealed claims created before the passage of the act of March 9th, 1874, sealed claims created after that date, and unsealed claims contracted before, and others contracted after the passage of that act. The judge of probate held that sealed claims created before the passage of the act were preferred in the order of payment, and that, after they were satisfied, sealed claims of later date and simple contract debts, without reference to their date, should be paid *pro rata.* On appeal to the Circuit Court this decree was approved.

* No. 791 will appear in the next succeeding volume.

*Mr. W. B. Wilson, Jr.*, for appellant, contended that the effect of the act of March 9th, 1874, was to raise up debts by simple contract from the sixth to the fifth class, and to put them upon the same footing with bonds and debts by specialty; and thus to embrace, as of one equal grade under Subdivision 5, bonds and debts by specialty, and debts by simple contract created *after* March 9th, 1874, and to retain, as Subdivision 6, debts by simple contract created *prior* to March 9th, 1874.

*Mr. G. W. S. Hart, contra.*

January 7th, 1880. The opinion of the court was delivered by

WILLARD, C. J. The decision of the Circuit Court affirming the decree of the Probate Court, appears to be free from error. The question was as to the relative rank of bond and specialty debts created after March 9th, 1874, and simple contract debts created both before and after that date; and it was properly held that they take equal rank in distribution.

Immediately prior to the act of March 9th, 1874, (15 *Stat.* 609), the order of priority in the distribution of the assets of testate and intestate estates was as follows: (*Gen. Stat.* 457.) "1. Funeral and other expenses of the last sickness, charges of probate or letters of administration; 2. Debts due to the public; 3. Judgments, mortgages and executions—the oldest first; 4. Rent; 5. Bonds and debts by specialty; 6. Debts by simple contract."

Under the amending act of March 9th, 1874, the act reads as follows: "1. Funeral and other expenses of the last sickness, charges of probate or letters of administration; 2. Debts due to the public; 3. Judgments, mortgages and executions—the oldest first; 4. Rent; 5. Bonds and debts by specialty and debts by simple contract, so that after the passage of this act there shall be no distinction in the payments of the debts of persons deceased between bonds and debts by specialty and debts by simple contract."

The period of time referred to in the language of Subdivision 5, as it now stands, is the date of the passage of the amendatory act, viz., March 9th, 1874. The proviso to the effect " that this

act shall only apply to debts created after its passage," does not appear to be intended to form part of the language inserted into the act amended by means of the amendment, but controls the operation and effect of such amendment. There was evidently an unimportant mistake made in enclosing the words " therein contained " in quotation marks, which is corrected by the necessary sense of the language employed.

. It would follow that it was rightly held that bond and specialty debts created after March 9th, 1874, enjoy no priority as it regards simple contract debts, whether created before or after that date, and that all must take equal rank together.

The act, as amended, determines every question of priority as affecting such debts, except as it regards bonds and specialty debts created before March 9th, 1874, that still retain their priority over simple contract debts created at any time, and, consequently, over bonds and specialty debts created since March 9th, 1874, that can only take rank with simple contract debts.

The appeal must be dismissed and the judgment below affirmed.

Appeal dismissed.

McIVER, A. J., concurred.